<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANDERSON HUTCHINSON,

                Plaintiff,

                v.

BERGEN COUNTY JAIL, et al.,

                Defendants.

Civil Action No. 24-9700 (KMW) (MJS)

**OPINION**

**WILLIAMS, District Judge:**

    This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis* (ECF No. 4). Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and the application is granted. Because Plaintiff shall be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint is dismissed without prejudice for failure to state a claim for which relief may be granted.

**I.    BACKGROUND**

    Plaintiff is a pre-trial detainee currently detained at the Bergen County Jail. (ECF No. 1 at 2.) In his complaint, Plaintiff seeks to raise a claim against the jail and one of its contractors,

Aramark, because he is unhappy with the quality of the food being served in the jail. (*Id.* at 3-4.) Plaintiff does not provide much in the way of factual background for his claims, but appears to be asserting that he doesn't find the nutritional value of the food being served to be "balanced" and he is unhappy with the "variety [of foods provided] each day." (*Id.*) Plaintiff states that, pursuant to the policies in place at the jail, all meals are planned to provide a nutritionally balanced diet which meets or exceeds the minimum daily requirements of prisoners. (*Id.* at 4.) Plaintiff does not explain why he feels the food is unacceptable or how the food fails to meet his daily minimum requirements in his complaint. (*Id.*)

## II.   LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   DISCUSSION

In his complaint, Plaintiff seeks to raise a claim against a county jail and its food supply contractor, Aramark, because he is unhappy with the variety or quality of the food he is being provided in jail. A county jail, however, is not a proper defendant in a civil rights action – to the extent a prisoner has a claim, it is the municipality which operates the facility, and not the jail itself, which is subject to suit in a federal civil rights case. *See Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015). Plaintiff's claims against the jail must therefore be dismissed with prejudice.

Turning to Aramark, Plaintiff's claims are not well defined but seem to attack the quality or variety of food served in the jail. While prisoners have a right to receive nutritionally adequate food to sustain themselves, a prisoner's displeasure with the food being served is insufficient to support a claim for relief. *See Duran v. Merline*, 923 F.3d 702, 720 (D.N.J. 2013) (quoting *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). Indeed, even assertions that prisoners occasionally miss meals or are occasionally served spoiled or contaminated food in a jail would be insufficient to state a claim for relief in a federal civil rights matter. *Id.* As Plaintiff has not clearly alleged that he has been denied a nutritionally adequate diet, his food related claims must be dismissed without prejudice.

Moving beyond the merits of Plaintiff's claims, the Court also notes that Plaintiff is seeking to hold a contractor responsible for occurrences within the jail. A defendant in a civil rights matter may not be held vicariously liable for the actions of its subordinates and must instead have personal involvement in the alleged wrongs. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Where the defendant in question is a company which serves as a contractor for a prison or jail, such personal involvement can only be shown where the plaintiff alleges facts which, if proven, would show that a policy, practice, or custom adopted by the contractor was the moving force behind the constitutional violation being alleged. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). Here, Plaintiff directly alleges that the policies in place at the jail already mandate a nutritionally adequate diet. As such, even if Plaintiff had pled that he was being denied such a diet, he has failed to plead that Aramark would be liable for that deprivation as he has not alleged facts showing that a policy, practice, or custom put into place by Aramark is responsible for any deprivation of his rights. Plaintiff's claim against Aramark fails for this reason as well. Therefore, Plaintiff's claims against Aramark are dismissed without prejudice.

4

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 4) is **GRANTED**; and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

*Karen M. Williams*
Hon. Karen M. Williams,
United States District Judge