**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDERSON HUTCHINSON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BERGEN COUNTY JAIL, et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 24-9700 (KMW) (MJS)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

　　This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's amended complaint. (ECF No. 8.) Because Plaintiff was previously granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's amended complaint is dismissed without prejudice for failure to state a claim for which relief may be granted.

**I.　BACKGROUND**

　　Plaintiff is a currently detained in the Bergen County jail. (ECF No. 8 at 2.) Although Plaintiff was apparently a pre-trial detainee when he filed his initial complaint in this matter, he now states that he is a convicted prisoner. (*Id.*) In his complaint, Plaintiff, without providing any detail, alleges that the jail's warden and food contractor, Aramark, are "violating" the jail's food

policy in providing food that Plaintiff feels does not provide balanced nutrition. (*Id.* at 4-6.) Plaintiff states that this policy sets forth that daily food at the jail will provide a balanced nutrition and present prisoners with some variety while meeting or exceeding minimum daily requirements for normal health. (*Id.*) Plaintiff does not provide any detail as to why he believes the jail's food options do not comport with this policy, nor does he detail how or in what way the food he is provided fails to meet his needs, other than to suggest he thinks he may not be getting as much protein or vitamins as he would like. (*Id.*)

## II.    LEGAL STANDARD

Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A

complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his complaint, Plaintiff seeks to raise a claim against the warden of a county jail and the jail's food contractor because he is unhappy with the quality of food he is provided in the facility. While prisoners have a right to receive nutritionally adequate food to sustain themselves while in jail, a prisoner's displeasure with the food being served is insufficient to support a claim for relief in a federal civil rights matter such as this. *See Duran v. Merline*, 923 F.3d 702, 720 (D.N.J. 2013) (quoting *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). Indeed, even assertions that prisoners occasionally miss meals or are occasionally served spoiled or contaminated food in a jail would be insufficient to state a claim for relief in a federal civil rights matter. *Id.* As Plaintiff has not clearly alleged that he has been denied a nutritionally adequate diet, and has at best stated his

3

displeasure with the options available to him, Plaintiff's claims in his amended complaint must once again be dismissed without prejudice for failure to state a claim for which relief may be granted.

Even were Plaintiff's food related claims of greater merit, Plaintiff's amended complaint also fails to set forth a proper basis for finding that either named Defendant – the jail's warden and its food contractor – was sufficiently personally involved in the alleged wrongs. A defendant in a civil rights matter may not be held vicariously liable for the actions of its subordinates and must instead have personal involvement in the alleged wrongs. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Where the defendant in question is a high-level supervisor or contractor for a prison or jail, such personal involvement generally requires that the plaintiff alleges facts which, if proven, would show that a policy, practice, or custom adopted by the contractor was the moving force behind the constitutional violation being alleged. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). Here, Plaintiff admits that the jail already has a policy requiring a nutritionally adequate and varied menu, and does not allege that either the warden or Aramark have put into place a contrary policy or practice, and has only alleged that he feels they are not living up to this requirement in day to day practice. As such, Plaintiff has failed to plead facts indicating that either named Defendant was personally involved in the alleged wrongs, and his amended complaint must be dismissed without prejudice for that reason as well.

## IV.  CONCLUSION

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 8) shall be **DISMISSED WITHOUT PREJUDICE**.  An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge